```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

NATALIE CAMPAGNA,              *

    Plaintiff,              *

vs.                            *

                                              CASE NO. 4:20-CV-94 (CDL)

TD BANK, N.A.,                 *

    Defendant`.              *

O R D E R

Natalie Campagna alleges that TD Bank, N.A., the issuer of her secured credit card, engaged in improper business practices in connection with her account. She asserts a breach of contract claim against TD Bank, along with other claims under Delaware and New York law. Contending that she is not the only victim of TD Bank's unlawful conduct, Campagna also hopes to pursue class action claims on behalf of similarly situated individuals. Neither Campagna nor TD Bank reside in Georgia. More importantly for purposes of the present order, TD Bank does not have sufficient minimal contacts with the Peach State to meet the constitutional due process requirements for the exercise of personal jurisdiction over it. Accordingly, as discussed below, TD Bank's motion to dismiss for lack of personal jurisdiction (ECF No. 10) is granted.

FACTUAL ALLEGATIONS

The Court accepts Campagna's factual allegations in her Complaint as true for purposes of the pending motion. Campagna is a New York citizen. TD Bank is a Delaware national banking association with its executive offices in New Jersey. Compl. ¶ 11, ECF No. 1-2 (alleging that TD Bank is headquartered in New Jersey); Compl. Ex. 1, Personal Credit Card Agreement ¶ 1, ECF No. 1-2 at 28 (stating that TD Bank is "a national bank with its main office located in Delaware"). Campagna went to a New York TD Bank branch to apply for a secured credit card. Compl. ¶¶ 10, 29, ECF No. 1-2. TD Bank told her that she would be able to graduate to an unsecured credit card after maintaining her account in good standing for seven billing cycles. *Id.* ¶ 29. When Campagna subsequently contacted a TD Bank customer service specialist via telephone to ask about her graduation to an unsecured credit card, she was told that the process would take far longer than seven months. *Id.* ¶¶ 34-37. Campagna makes no allegations regarding the location of this customer service specialist or where the graduation decision was made. Campagna does note that her credit card agreement with TD Bank states that certain written customer service correspondence should be sent to a post office box in Columbus, Georgia, and her credit card statements had a return address of that same post office

box.  *Id.* ¶ 12.[1]  Campagna does not allege that she ever sent correspondence to the Georgia address.  Campagna has made no request to conduct jurisdictional discovery to determine whether TD Bank has additional contacts with Georgia.

## DISCUSSION

In this diversity case, the Court may exercise personal jurisdiction over a non-resident defendant like TD Bank only if (1) jurisdiction is appropriate under the long-arm statute of Georgia (the state where the Court sits) and (2) the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Id.* at 1257 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).  Here, TD Bank did not submit any evidence challenging jurisdiction.  Rather, TD Bank argues that Campagna's allegations, taken as true, are insufficient to establish a prima facie case of personal jurisdiction.

---

[1] While the statements did have a Columbus, Georgia return address, they directed that payments be mailed to a post office box in Columbia, South Carolina.  Viswanathan Decl. Ex. 1, Jan. 2020 Statement, ECF No. 10-2 at 4.

TD Bank skips the first step of the personal jurisdiction analysis--whether personal jurisdiction would be proper under Georgia's long-arm statute. Instead, it relies entirely on the Due Process Clause of the U.S. Constitution. Because the Due Process Clause clearly resolves this matter, the Court likewise finds it unnecessary to conduct a Georgia long-arm statute analysis. The Due Process Clause of the Fourteenth Amendment requires that "individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign[.]'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (first alteration in original) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment)). Due process compliant personal jurisdiction includes two types of jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Here, the Court may exercise *general jurisdiction* over TD Bank if it has contacts with Georgia that "are so 'continuous and systematic' as to render [it] essentially at home in" Georgia. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Waite v.*

4

*All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018); *accord Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (noting that the paradigm bases for general jurisdiction over a corporation are the corporation's place of incorporation and principal place of business).

Campagna's Complaint does not allege sufficient facts to establish general jurisdiction over TD Bank in Georgia. Rather, the Complaint alleges that TD Bank is headquartered in New Jersey, and the credit card agreement attached as Exhibit 1 to the Complaint states that TD Bank is "a national bank with its main office located in Delaware." Compl. ¶ 11; Compl. Ex. 1, Personal Credit Card Agreement ¶ 1, ECF No. 1-2 at 28; *see Arthur v. JP Morgan Chase Bank NA*, 569 F. App'x 669, 673 (11th Cir. 2014) (stating that a national banking association is a citizen of the state where it is designated to have its main office). Accordingly, TD Bank is a citizen of Delaware and may also be considered "at home" in New Jersey. Campagna suggests that TD Bank should also be considered "at home" in Georgia because TD Bank directed customers to mail certain written customer service inquiries to a post office box in Georgia. This strained interpretation of existing precedent would expand the places at which a corporation is "at home" for jurisdictional purposes beyond any reasonably decipherable boundary. The Court acknowledges that the Supreme Court has not

5

held that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business. *See Bauman*, 571 U.S. at 137. But the Supreme Court has cautioned that it would be "unacceptably grasping" to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systemic course of business." *Id.* at 138. The Court is unconvinced that simply maintaining a customer service mailbox in Georgia, without more, means that TD Bank is fairly regarded at home in Georgia. Therefore, Campagna's allegations do not support the exercise of general jurisdiction over TD Bank.

The next question is whether Campagna alleged sufficient facts to establish *specific jurisdiction*. While general jurisdiction would permit the Court to hear "any claim" against the defendant, "even if all the incidents underlying the claim occurred in a different State," specific jurisdiction is "very different." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). To exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum. *Id.* So, there must be an affiliation "'between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to

the State's regulation." *Goodyear*, 564 U.S. at 919 (quoting von Mehren & Trautman, Jurisdiction To Adjudicate: A Suggested Analysis, 79 Harv. L. Rev. 1121, 1136 (1966)) (noting that North Carolina courts lacked specific jurisdiction to adjudicate a controversy arising out of a bus wreck in France that was allegedly caused by a defective tire manufactured by foreign corporations outside of the United States). Thus, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. In *Bristol-Myers Squibb*, for example, the Supreme Court concluded that although a non-California manufacturer's contacts with California could confer specific jurisdiction over claims brought by California residents who alleged that they were injured by the manufacturer's medication in California, the California court could not exercise specific jurisdiction over claims brought by *nonresidents* who were not prescribed the medication in California, did not ingest it in California, and were not injured in California. *Id.* at 1780-81.

Here, Campagna alleges that she is a New York citizen who went to a local TD Bank branch in New York to apply for a

7

secured credit card. She further alleges that despite TD Bank's representation that she would be able to graduate to an unsecured credit card after maintaining her account in good standing for seven billing cycles, a telephone customer service representative told Campagna that the process would take far longer. Campagna makes no allegations regarding the location of this customer service specialist or where the graduation decision was made.[2] The only alleged connection between Campagna's claims and Georgia is that Campagna's credit card agreement with TD Bank states that certain written customer service correspondence should be sent to a post office box in Columbus, Georgia, and her credit card statements had a return address of that same post office box. Campagna does not even allege that she ever sent correspondence to the Georgia address or that this action arises out of any activity or occurrence that took place in Georgia. Put simply, the present Complaint alleges a dispute between a New York plaintiff and her Delaware/New Jersey bank with no indication that the dispute arises from anything that happened in Georgia. Campagna has failed to allege a sufficient connection between Georgia and her controversy with TD Bank to establish specific jurisdiction over Campagna's claims against TD Bank.

---

[2] She also did not request any jurisdictional discovery on this issue.

CONCLUSION

The Court's exercise of personal jurisdiction over TD Bank in this action would violate the Due Process Clause of the United States Constitution. Accordingly, TD Bank's motion to dismiss for lack of personal jurisdiction (ECF No. 10) is granted.

IT IS SO ORDERED, this 4th day of December, 2020.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA